UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------
LINDA STRONG,

                **Plaintiff,**

      **-against-**

CITY OF NEW YORK and NEW YORK CITY POLICE
DETECTIVE DENNIS MOONEY,

                **Defendants.**
------------------------------------------------x

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 0 9 2010

BROOKLYN OFFICE

**VERIFIED COMPLAINT**

10 CV

**CV10 - 1602**

BLOCK, J
REYES, M.J

      Plaintiff, LINDA STRONG, by her attorney, DUANE C. FELTON,

complaining of the Defendants, respectfully shows and alleges as

follows:

      **FIRST:**         This action is brought pursuant to 42 U.S.C. §

1983 and § 1988. Jurisdiction is founded upon 28 U.S.C. § 1331 and

§ 1334. Plaintiff further invokes the pendent jurisdiction of this

Court to hear and decide claims arising under state law.

      **SECOND:**       That at all times mentioned herein, the

Plaintiff, LINDA STRONG, was and still is a resident of the County

of Richmond, City and State of New York.

      **THIRD:**         That at all times hereinafter mentioned, the

Defendant, CITY OF NEW YORK, was and still is a municipal

corporation duly organized and existing under the laws of the State

of New York.

      **FOURTH:**       That at all times hereinafter mentioned, the

Defendant, CITY OF NEW YORK, was and still is a municipal

corporation doing business in the State of New York.

FIFTH:                Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE DETECTIVE DENNIS MOONEY, (hereafter described as "P.O. DENNIS MOONEY", was and still is a New York City police officer employed by the Defendant, CITY OF NEW YORK.

SIXTH:                That upon information and belief and at all times hereinafter mentioned, the individual Defendant was acting within the course of his employment and/or official policy, practice, custom or usage of the Defendant, CITY OF NEW YORK, and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, City and State of New York.

SEVENTH:              That the Plaintiff sue the Individual Defendant in his individual and official capacities.

EIGHTH:               That Notice of Intention to Sue, as required by Section § 50(e) of the General Municipal Law of the State of New York, was served by the Plaintiff upon the Defendant, CITY OF NEW YORK, on or about September 28, 2009; that at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the CITY OF NEW YORK for adjustment and that it has neglected and/or refused to make adjustment or payment thereof; and that this action is commenced within one

2

hundred and ninety (90) days after the cause of action accrued.

NINTH: That 42 U.S.C. § 1983 provides that every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United states or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

TENTH: That on or about August 4, 2009, the Plaintiff was lawfully residing in her home located at 204 Gordon Street, Staten Island, located in the County of Richmond, City and State of New York.

ELEVENTH: That on or about August 4, 2009, while the Plaintiff was lawfully outside of apartment #2 at 204 Gordon Street she was stopped and searched by the individual Defendant, P.O. DENNIS MOONEY, without consent, permission, authority nor probable cause. She was then unlawfully, physically seized, detained, imprisoned, handcuffed, frisked and arrested.

TWELFTH: That no illegal item(s) or contraband were found on the Plaintiff's body or person.

THIRTEENTH: That on or about August 4, 2009, the individual

3

Defendant, P.O. DENNIS MOONEY, caused the Plaintiff to be falsely arrested, under the laws of the City and State of New York.

FOURTEENTH:    That after being held in police custody for approximately forty-eight (48) hours, and after several court appearances in Richmond Criminal Court, all charges against the plaintiff were dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS

FIFTEENTH:    That the Plaintiff repeats and reallege the allegations contained in paragraphs "FIRST" through "FOURTEENTH" of the complaint with the same force and effect as if fully set forth herein.

SIXTEENTH:    That upon information and belief, the Defendant's illegal and unlawful search, arrest, detainment, and imprisonment of the Plaintiff's body/person, was illegal, unreasonable, reckless, without a warrant nor probable cause, and was a violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

SEVENTEENTH:    That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered

4

general and pecuniary damages.

**EIGHTEENTH:** That the acts of the individual defendant as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiff to an additional award of punitive damages against the said Individual Defendants in their individual capacities.

**NINETEENTH:** That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTIETH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "FOURTEENTH" of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-FIRST:** That the individual Defendant, acting in his individual capacities and under color of law, having conspired with others, reached a mutual understanding and intentionally acted to undertake a course of conduct that violated Plaintiff' civil rights, in violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**TWENTY-SECOND:** That as a proximate result of the

5

aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

**TWENTY-THIRD:** That the acts of the Individual Defendant as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiff to an additional award of punitive damages against the said Individual Defendant in his individual capacities.

**TWENTY-FOURTH:** That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-FIFTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "FOURTEENTH" of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-SIXTH:** That the aforesaid actions of the individual Defendant constitute intentional infliction of emotional distress on the Plaintiff under the laws of the City, State of New York.

**TWENTY-SEVENTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages and severe emotional distress.

6

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-EIGHTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "FOURTEENTH" of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-NINTH:** That the individual Defendant was negligent, careless, reckless, and/or grossly negligent in the performance of his police duties in, searching, arresting, and imprisoning the Plaintiff.

**THIRTIETH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages.

**THIRTY-FIRST:** That the Defendant is liable to the Plaintiff under the laws of the City and State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK

**THIRTY-SECOND:** That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "FOURTEENTH" of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-THIRD:** That as the employer of the individual Defendant at the times of his or her negligent conduct as set forth herein, the Defendant, CITY OF NEW YORK, is liable to the Plaintiff

7

under the laws of the State of New York.

**THIRTY-FOURTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

AS AND FOR A SECOND CAUSE OF ACTION
AGAINST THE CITY OF NEW YORK

**THIRTY-FIFTH:** That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "FOURTEENTH" of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-SIXTH:** That the Defendant, CITY OF NEW YORK, was negligent in the hiring, supervision, training, and instruction of the individual Defendant.

**THIRTY-SEVENTH:** That as a direct and proximate result of the deliberate indifference, carelessness, and or recklessness of the Defendant, CITY OF NEW YORK, toward the proper training and supervision of its police officers/employees, the Plaintiff has been deprived of her rights under the Fourth and Fourteenth Amendments of the United States Constitution, Sections § 1983 and § 1988 of Title 42 of the United States Code, and under the laws of the City, and State of New York.

**THIRTY-EIGHTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered

8

both general and pecuniary damages.

THIRTY-NINTH: A jury trial of all issues is demanded.

WHEREFORE, Plaintiff requests judgment against Defendants, P.O. DENNIS MOONEY, and Defendant, CITY OF NEW YORK, as follows:

1. As against the individual Defendant, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First, Second, Third, and Fourth causes of action,

2. As against the individual Defendant, punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First and Second causes of action, and

3. As against Defendant, CITY OF NEW YORK, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First and Second causes of action asserted against it, and

4. Reasonable attorney's fees, pursuant to 42 U.S.C.A § 1988,

5. the costs of this action,

6. and such other and further relief as may be just and proper.

Dated:     March 29, 2010
           Staten Island, NY        DUANE C. FELTON
                                     *Attorney for Plaintiff*
                                     805 Castleton Avenue
                                     Staten Island, NY 10310