UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

LINDA STRONG and ADO QUAYE,

                                Plaintiffs,

-against-

CITY OF NEW YORK, DENNIS MOONEY, ROBERT HANSON,
DAVE LIPPERT, ANDREW KINSELLA, RAYMOND WITTICK,
JEN CHILDS, ANDREW FAGO, PATRICK FLAHERTY, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                Defendants,

----------------------------------------------------------------------X

**AMENDED COMPLAINT**

10 CV 1602
(FB)(RER)

<u>Jury Trial Demanded</u>

       Plaintiffs LINDA STRONG and ADO QUAYE, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

       1.     Plaintiffs brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff LINDA STRONG is a fifty year old African American woman who resides in Staten Island, New York.

7. Plaintiff ADO QUAYE is a fifty-seven year old African American man who resides in Staten Island, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants DENNIS MOONEY, ROBERT HANSON, DAVE LIPPERT, ANDREW KINSELLA, RAYMOND WITTICK, JEN CHILDS, ANDREW FAGO, PATRICK FLAHERTY JOHN NIXON, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

2

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On August 4, 2009, at approximately 8:00 p.m., the defendant NYPD police officers falsely arrested the plaintiffs in the first floor hallway of 204 Gordon Street, Staten Island, New York. Thereafter, the defendant officers brought the plaintiffs upstairs to plaintiff STRONG's apartment, where STRONG was unlawfully strip searched in a bathroom by a defendant officer.

14. The plaintiffs were taken in police custody to the NYPD 120th Precinct, where they were imprisoned until they were taken to the Criminal Court in Staten Island.

15. The plaintiffs were arraigned in Richmond County Criminal Court on baseless charges, which were filed based upon the sworn statements of defendant MOONEY. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority, as well as pursuant to a custom, policy and/or practice of the NYPD of wrongfully arresting and/or prosecuting individuals present at or near the location of search warrant executions, despite the absence of any probable cause to arrest and/or prosecute said individuals.

16. Upon information and belief, plaintiff QUAYE was released on his own recognizance at his arraignment on August 5, 2009. However, QUAYE was compelled to return to Court for appearances on August 10, 2009 and August 13, 20009.

17. Upon information and belief, plaintiff STRONG was sent to Rikers Island, where she remained incarcerated until a day or so after her arraignment. STRONG was likewise compelled to return to Court for appearances on August 10, 2009 and August 13, 2009.

18. On August 13, 2009, all of the purported charges levied against plaintiffs based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

19. All of the above occurred while the defendant and non-party NYPD officers involved in the incident failed to intervene in the illegal conduct described herein.

20. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating, and supervising of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

21. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the proper procedures for execution of search warrants and investigation of incidents; the treatment of innocent and/or uninvolved individuals who are found at the location of an execution of a search warrant, and; the proper procedure for subjecting an individual to a strip search.

22. Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

23. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24. As a result of the foregoing, plaintiffs LINDA STRONG and ADO QUAYE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

25. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiffs LINDA STRONG and ADO QUAYE, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

28. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

31. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

32. Defendants arrested plaintiffs LINDA STRONG and ADO QUAYE without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

33. Defendants caused plaintiffs LINDA STRONG and ADO QUAYE to be falsely arrested and unlawfully imprisoned.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Unlawful Strip Search under 42 U.S.C. §1983)

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

35. Defendants strip searched plaintiff LINDA STRONG in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time she

was searched.

36. Defendants thereby caused plaintiff LINDA STRONG to be deprived of her right to be free from unlawful strip searches.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

38. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs LINDA STRONG and ADO QUAYE.

39. Defendants caused plaintiffs LINDA STRONG and ADO QUAYE to be prosecuted without any probable cause until the charges were dismissed on or about August 13, 2009.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

40. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

41. Defendants issued criminal process against plaintiffs LINDA STRONG and ADO QUAYE by causing their arrest and prosecution in Richmond County Criminal Court.

42. Defendants caused plaintiffs LINDA STRONG and ADO QUAYE to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiffs' right to be free from malicious abuse of process.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

44. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

45. As a result of the foregoing, plaintiffs LINDA STRONG and ADO QUAYE were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

46. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

47. The defendants falsely arrested and maliciously prosecuted plaintiffs LINDA STRONG and ADO QUAYE, and illegally strip searched plaintiff LINDA STRONG because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

48. As a result of the foregoing, plaintiffs LINDA STRONG and ADO QUAYE were deprived of their rights under the Equal Protection Clause of the United States Constitution.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

49. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

50. Defendants had an affirmative duty to intervene on behalf of plaintiffs LINDA STRONG and ADO QUAYE, whose constitutional rights were being violated in their presence by other officers.

51. The defendants failed to intervene to prevent the unlawful conduct described herein.

52. As a result of the foregoing, plaintiffs LINDA STRONG and ADO QUAYE'S liberty were restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and plaintiff STANLEY was subjected to an illegal strip search.

## AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

53. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

54. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57. The aforementioned customs, policies, usages, practices, procedures and rules of

the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence and/or falsifying evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search, as well as a policy of arresting all individuals present at or near the target premises of search warrant executions, despite the fact that probable cause is lacking with respect to said individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that was the moving force behind the violation of plaintiffs LINDA STRONG and ADO QUAYE'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs LINDA STRONG and ADO QUAYE.

59. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs LINDA STRONG and ADO QUAYE as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs LINDA STRONG and ADO QUAYE as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs LINDA STRONG and ADO QUAYE were unlawfully arrested, illegally searched, and maliciously prosecuted.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs LINDA STRONG and ADO QUAYE'S constitutional rights.

63. All of the foregoing acts by defendants deprived plaintiffs LINDA STRONG and ADO QUAYE of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from unlawful strip searches;

    D.    To be free from the failure to intervene;

    E.    To be free from malicious prosecution;

    F.    To be free from malicious abuse of process;

    G.    To receive equal protection under law.

64. As a result of the foregoing, plaintiffs LINDA STRONG and ADO QUAYE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

65. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

66. Within ninety (90) days after the claim herein accrued, plaintiff ADO QUAYE duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

67. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69. Plaintiff ADO QUAYE has complied with all conditions precedent to maintaining the instant action.

70. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

71. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants arrested plaintiffs LINDA STRONG and ADO QUAYE without probable cause.

73. Plaintiffs LINDA STRONG and ADO QUAYE were detained against their will for an extended period of time and subjected to physical restraints.

74. As a result of the aforementioned conduct, plaintiffs LINDA STRONG and ADO QUAYE were unlawfully imprisoned in violation of the laws of the State of New York.

75. As a result of the aforementioned conduct, plaintiffs LINDA STRONG and ADO QUAYE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs LINDA STRONG and ADO QUAYE.

78. Defendants caused plaintiffs LINDA STRONG and ADO QUAYE to be prosecuted without probable cause until the charges were dismissed on or about August 13, 2009.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

79. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

81. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

82. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

83. The aforementioned conduct was intentional and for the sole purpose of causing emotional distress to plaintiff LINDA STRONG and ADO QUAYE.

84. As a result of the aforementioned conduct, plaintiffs LINDA STRONG and ADO QUAYE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

85. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, strip search (for STRONG only), and prosecution of plaintiffs LINDA STRONG and ADO QUAYE.

87. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Amended Complaint.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

88. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, strip search (for STRONG only), and prosecution of plaintiffs LINDA STRONG and ADO QUAYE.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

90. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

94. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. As a result of defendants' conduct, plaintiffs LINDA STRONG and ADO QUAYE were deprived of their right to equal protection of laws.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

96. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. As a result of defendants' conduct, plaintiffs LINDA STRONG and ADO QUAYE were deprived of their right to security against unreasonable searches, seizures, and interceptions.

98. As a result of the foregoing, plaintiffs LINDA STRONG and ADO QUAYE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs LINDA STRONG and ADO QUAYE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 2, 2010

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorneys for Plaintiffs LINDA STRONG and ADO QUAYE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LINDA STRONG and ADO QUAYE,

                                            Plaintiffs,        10 CV 1602
                                                                            (FB)(RER)

    -against-

CITY OF NEW YORK, DENNIS MOONEY, ROBERT HANSON,
DAVE LIPPERT, ANDREW KINSELLA, RAYMOND WITTICK,
JEN CHILDS, ANDREW FAGO, PATRICK FLAHERTY, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                            Defendants,

-------------------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100