UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LINDA STRONG and ADO QUAYE,

                          Plaintiffs,

-against-

CITY OF NEW YORK, DENNIS MOONEY,
ROBERT HANSON, DAVE LIPPERT, ANDREW
KINSELLA, RAYMOND WITTICK, JEN CHILDS,
ANDREW FAGO, PATRICK FLAHERTY, and
JOHN and JANE DOE 1 through 10, individually and
in their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                          Defendants.
------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 CV 1602 (FB) (RER)

        **WHEREAS**, plaintiffs commenced this action by filing a complaint on or about April 9, 2010, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

        **WHEREAS**, defendants have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.     The City of New York hereby agrees to pay plaintiff LINDA STRONG the sum of THIRTY THOUSAND ($30,000.00) Dollars and plaintiff ADO QUAYE the sum of FIFTEEN THOUSAND ($15,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiffs agree to dismissal of all the claims against the defendants and to release the defendants, the City of New York, Dennis Mooney, Robert Hanson, Dave Lippert, Andrew Kinsella, Raymond Wittick, and Andrew Fago, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3.     Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiffs agree to hold harmless the City of New York, Dennis Mooney, Robert Hanson, Dave Lippert, Andrew Kinsella, Raymond Wittick, and Andrew Fago regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written

agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
        January 5, 2011

Brett Klein, Esq.
*Attorney for Plaintiffs*
Leventhal & Klein, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201

By: _____
    Brett Klein
    *Attorney for Plaintiffs*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, Dennis Mooney, Robert Hanson, Dave Lippert, Andrew Kinsella, Raymond Wittick, and Andrew Fago*
100 Church Street, Rm. 3-153
New York, New York 10007
(212) 788-1090

By: _____
    Alexandra Corsi
    *Assistant Corporation Counsel*

SO ORDERED:

Dated: New York, New York
      _____, 2011

_____
HON. FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE

4